**So Ordered.**



Patricia C. Williams
Bankruptcy Judge

**Dated: October 22nd, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 09-06194-PCW11 |
| LLS AMERICA, LLC, | DC Case No. 13-cv-00013-RMP |
| Debtor(s). | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, | Adversary No. 11-80112-PCW |
| Plaintiff(s), | REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 58) |
| vs. | |
| STEPHEN BRISCOE, | |
| Defendant(s). | |

The Honorable Patricia C. Williams, sitting in the United States Bankruptcy Court for the Eastern District of Washington, hereby files this Report and Recommendation regarding Plaintiff's Motion for Summary Judgment (ECF No. 58) filed with the bankruptcy court in this adversary proceeding.

REPORT AND RECOMMENDATION RE: . . . ~ Page 1

This Report and Recommendation is made pursuant to the Honorable Rosanna Malouf Peterson's Order Granting Motion to Withdraw the Reference and Setting Trial Date (ECF No. 2 in District Court case No. 13-cv-00013-RMP).

The recommendation is that the Plaintiff's Motion for Summary Judgment be **GRANTED**. The basis for the recommendation is set forth in the Memorandum Decision Re: Plaintiff's Motion for Summary Judgment attached hereto.

///END OF REPORT AND RECOMMENDATION///

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 09-06194-PCW11 |
|---|---|
| LLS AMERICA, LLC, | DC Case No. 13-cv-00013-RMP |
| Debtor(s). | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, | Adversary No. 11-80112-PCW |
| Plaintiff(s), | MEMORANDUM DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 58) |
| vs. | |
| STEPHEN BRISCOE, | |
| Defendant(s). | |

Bruce P. Kriegman ("Plaintiff") initiated this adversary proceeding on July 15, 2011 seeking recovery of $554,825 CAD from Stephen Briscoe ("Defendant"). The basis for recovery in this proceeding is similar to that in numerous other adversary proceedings filed by Plaintiff as the Chapter 11 Trustee of the above-referenced

MEMORANDUM DECISION RE: PLAINTIFF'S . . . ~ Page 1

bankruptcy estate; to wit, that the consolidated debtor LLS America, LLC ("LLS) was engaged in a Ponzi scheme, transferred assets to Defendant as part of that scheme, and was insolvent at the time of the transfers. Defendant filed a pro se answer on August 22, 2011 (ECF No. 6) asserting a one sentence general denial.

This adversary was consolidated by order dated November 30, 2012 (ECF No. 23) with other numerous related adversary proceedings into consolidated adversary proceeding No. 11-80299-PCW. The purpose of the consolidation was to determine the common issues of whether LLS was insolvent at the time of the transfers and whether a Ponzi scheme existed rendering the transfers fraudulent. The bankruptcy court so determined in a Memorandum Decision dated July 1, 2013 (ECF No. 378 in 11-80299-PCW), which determination has been adopted by the District Court on August 19, 2013 (ECF No. 92 in District Court case No. 11-cv-00357-RMP).

In December 2012, Plaintiff sent discovery requests to Defendant and Defendant failed to respond to the requests. In April of 2013, after Plaintiff's continued attempts to obtain the requested discovery material failed, Plaintiff filed a motion to compel (ECF No. 39). Defendant did not respond to this motion and the court entered an order granting the motion (ECF No. 46) requiring Defendant to respond to the discovery requests within 30 days, requiring Defendant to pay Plaintiff's attorney fees of $500, and cautioning Defendant that if no responses were

provided, further sanctions could be imposed. Defendant failed to comply with the order.

On June 26, 2013, Plaintiff filed a motion for sanctions (ECF No. 50) seeking to preclude Defendant from introducing at trial any exhibits which had been the subject of the unanswered discovery requests and from calling any witnesses at trial other than Defendant. Defendant failed to respond to that motion and an order granting the motion was entered on July 11, 2013 (ECF No. 57).

On July 25, 2013, Plaintiff filed a motion for summary judgment (ECF No. 58) with a supporting statement of facts seeking a judgment against Defendant in the amount of $409,458.51 CAD. At the status conference on that motion on August 9, 2013, Defendant appeared telephonically. The court continued the status conference to August 15, 2013, and allowed Defendant an opportunity to explain his failure to comply with the discovery requests and respond to the summary judgment motion by filing pleadings prior to the date of the continued status conference. Defendant did not file anything with the court prior to the continued status conference, nor did he explain his failure to respond to discovery or request additional time to do so. Defendant appeared at the telephonic status conference on August 15, 2013, and defendant's Canadian counsel had been in contact with plaintiff's counsel.

As a result of the August 15, 2013 status conference, the court entered an order (ECF No. 70) requiring Defendant to respond to Plaintiff's summary judgment motion

MEMORANDUM DECISION RE: PLAINTIFF'S . . . ~ Page 3
11-80112-FPC   Doc 81   Filed 10/22/13   Entered 10/22/13 14:03:04   Pg 5 of 7

by September 13, 2013. The order required Plaintiff to reply by September 20, 2013, and stated that the court would rule on the motion without oral argument. Defendant did not respond or request any extension of time.

Defendant did file a pleading on September 3, 2013 entitled "Pro Se Appearance and Answer" (ECF No. 76) without consent of Plaintiff or leave to amend his original answer as required by Bankruptcy Rule 7015. The responsive pleading essentially amends Defendant's original answer by specifically denying jurisdiction, denying a Ponzi scheme existed, denying that the transfers were fraudulent, and denying that LLS was insolvent. Defendant also filed a declaration (ECF No. 77), which appears to be in the same form as numerous other declarations filed by other defendants in the related adversaries regarding the issue of jurisdiction. This issue had been resolved by a decision rendered on July 2, 2012 in adversary proceeding No. 11-80093, ECF No. 146).

To date, Defendant still has not responded to Plaintiff's discovery requests, provided an explanation of his failure to do so, nor sought an excuse from compliance with the court's earlier order imposing sanctions. Furthermore, Defendant's recent pleadings do not address the issues raised in Plaintiff's summary judgment motion. Finally, Defendant has not provided any evidence contravening or otherwise casting doubt upon Plaintiff's supporting statement of facts. Plaintiff has produced evidence of the transfers totaling $409,458.51 CAD, which were primarily in the form of post-

MEMORANDUM DECISION RE: PLAINTIFF'S . . . ~ Page 4
11-80112-FPC    Doc 81    Filed 10/22/13    Entered 10/22/13 14:03:04    Pg 6 of 7

dated checks pursuant to promissory notes payable to defendant, which bore interest of 40 to 60 percent. As mentioned above, this court has established that LLS engaged in a Ponzi scheme and was insolvent at the time of the transfers. In light of the procedural and factual history of this proceeding, Plaintiff is entitled to a judgment against Defendant in the amount of $409,458.51 CAD. A report and recommendation will be submitted to the District Court and, if that report is adopted, Plaintiff shall submit the final judgment for entry to the District Court.

///END OF MEMORANDUM DECISION///